The document below is hereby signed.

Signed: September 27, 2018



S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
CHARLES S. ESU,                )    Case No. 18-00261
                               )    (Chapter 13)
                Debtor.        )    Not for publication in
                               )    West's Bankruptcy Reporter.

## MEMORANDUM DECISION RE MOTION FOR RELIEF FROM STAY

The debtor's landlord's motion for relief from the automatic stay to proceed with an eviction proceeding regarding the debtor's leased property used, according to the debtor's schedules as a laundromat, will be granted. The debtor's lease has been rejected under 11 U.S.C. § 365(d)(4) by reason of the debtor's failure to assume the lease within 120 days after the commencement of the case. The debtor has not filed a motion to assume the lease, and the debtor's current proposed plan does not include a proper request to assume the lease. The form of plan that must be used in this court provides in section 8:

**Assumption of Executory Contracts and Unexpired Leases.**
If the Debtor wishes to assume an executory contract or unexpired lease, that must be addressed under Section 10 of the Plan.

Section 10 (Non-Standard Provisions) of the debtor's latest plan contains no request to assume the lease.  Section 10 further indicates in bold letters that "**Any non-standard provision placed elsewhere in the Plan is void.**"

The debtor's current plan indicates in Section 8 that the lease is "**neither assumed nor rejected by the Plan** . . .," shall be unaffected by the bankruptcy case, and . . . the obligations thereunder shall not be discharged."  (Emphasis added; footnote omitted.)  The accompanying footnote indicates:

> Unexpired leases of nonresidential real property under which the Debtor is the lessee and unexpired leases of personal property under which the Debtor is the lessee are not subject to this treatment.  See 11 U.S.C. § 365(d)(4) and § 365(p)(3).  However, the debtor and the lessor may agree to the lease continuing in effect despite any rejection pursuant to these provisions.

Accordingly, the plan itself indicates an intention not to assume the lease (and not to reject the lease, although the footnote makes clear that the lease will be rejected if § 365(d)(4) provides for its rejection).

Section 8 also includes a statement that: "**The Debtor wishes to continue with the lease with Westside Development regarding his company premises at 123 Kennedy Street, NW Washington, DC 20011.**"  (Emphasis in original.)  That language, however, does not amount to providing for assumption of the lease, and even if it did, it is a void non-standard provision by reason of not being placed in section 10 of the plan.

2

It follows that there is no timely motion or proposed plan seeking to assume the lease, such that the lease is deemed rejected under § 365(d)(4).  Under § 365(d)(4), the rejection of the lease requires surrender of the leased property.  It is thus appropriate to grant relief from the automatic stay.  A separate order follows granting the motion.  The parties, however, remain free to attempt to negotiate a different outcome, as indicated by the above-quoted footnote.

[Signed and dated above.]

Copies to: Recipients of e-notifications or orders.